UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. WADE,<br><br>          Petitioner,<br><br>    v.<br><br>CYNTHIA TAMPKINS,<br><br>          Respondent. | Case No. EDCV 13-2184 DMG(JC)<br><br>ORDER GOVERNING PROCEEDINGS INVOLVING PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

      On November 27, 2013, petitioner William E. Wade ("petitioner"), a prisoner in state custody and proceeding pro se, filed a federal petition for writ of habeas corpus (the "Petition"). Petitioner challenges a conviction in San Bernardino County Superior Court.

      To facilitate the just, speedy, and inexpensive determination of this action, IT IS HEREBY ORDERED:

      1.    The Clerk of this Court shall promptly serve (a) a copy of the Petition and a copy of this Order on respondent and on the Attorney General for the State of California, or her authorized agent; and (b) a copy of this Order on petitioner.

      2.    Within fourteen (14) days, respondent shall file and serve a notice of appearance, notifying the court of the name of the attorney who will have primary responsibility for this case, together with the address where the attorney

may be served, the attorney's e-mail address, and the attorney's telephone and facsimile numbers.

3. If respondent contends that the Petition can be decided without the Court reaching the merits of petitioner's claims (e.g., because respondent contends that petitioner is unable to satisfy the "in custody" requirement, that petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the applicable statute of limitations), respondent shall serve and file a Motion to Dismiss within thirty (30) days of the date of this Order. The Motion to Dismiss shall <u>not</u> address the merits of petitioner's claims, but rather shall be confined to the basis for respondent's contention that the Court should dismiss the Petition without reaching the merits of petitioner's claims. At the time respondent files the Motion to Dismiss, respondent shall lodge with the Court all records bearing on respondent's contentions therein.

4. If respondent files a Motion to Dismiss, petitioner shall have thirty (30) days from the date of service to file and serve any opposition to the Motion. At the time the opposition is filed, petitioner shall lodge with the Court any records not lodged by respondent which petitioner believes may be relevant to the Court's determination of the Motion.

5. Respondent shall have seven (7) days from the date of service to file and serve any reply to petitioner's opposition to a Motion to Dismiss. If the Motion is denied, the Court will afford respondent adequate time to answer petitioner's claims on the merits.

6. If respondent contends that the Court must reach the merits of petitioner's claims to adjudicate the Petition, then respondent shall serve and file an Answer to Petition within thirty (30) days of the date of this Order. At the time the Answer is filed, respondent shall lodge with the Court all records bearing on the merits of petitioner's claims, including the briefs specified in Rule 5(d) of the

Rules Governing Section 2254 Cases in the United States District Courts.  The Answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

7. Petitioner shall have thirty (30) days from the date the Answer is served to file and serve any Reply responding to matters raised in the Answer. The Reply shall (a) state whether petitioner admits or denies each allegation of fact contained in the Answer; (b) respond only to facts or arguments raised in the Answer; and (c) raise no new grounds for relief that were not asserted in the Petition.  The Court will not consider grounds for relief withheld until the Reply unless leave to amend the Petition has been granted.  No Reply shall exceed twenty-five (25) pages in length absent advance leave of Court for good cause shown.

8. A request by a party for an extension of time within which to file any of the pleadings required hereunder will be granted only upon a showing of good cause, and should be made in advance of the due date of the pleading.  Any such request shall be accompanied by a declaration explaining the need for an extension of time, as well as a proposed form of order granting the requested extension.

9. Unless otherwise ordered by the Court, this case shall be deemed submitted on the date following the date respondent's Reply to petitioner's Opposition to a Motion to Dismiss and/or Reply to respondent's Answer is due.

10. Every document submitted to the Court must include a "proof of service" stating, under penalties of perjury, that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document submitted to the Court without a proof of service may be returned to the submitting party without consideration by the Court.

11. Petitioner shall immediately notify the Court and respondent's attorney of any change of petitioner's address and of the new address and its

1  effective date.  Failure to keep the Court informed of where petitioner may be
2  contacted, may subject the Petition to dismissal for failure to prosecute.  See also
3  Local Rule 41-6.

    IT IS SO ORDERED.

DATED:  December 6, 2013

                                                    /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE